**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 624.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. SPRAGUE.

[Cite as *Disciplinary Counsel v. Sprague*, 1996-Ohio-84.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct that adversely reflects on fitness to practice law—Neglecting an entrusted legal matter—Failure to preserve identity of funds and property of client—Failure to cooperate in disciplinary investigation—Engaging in conduct prejudicial to the administration of justice—Late payments of attorney registration fees—Failure to register for 1993-1995 biennium— Failure to deposit client funds in identifiable bank accounts.*

(No. 95-2181—Submitted December 6, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-41.

———————————

{¶ 1} Relator, Office of Disciplinary Counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") charging respondent, Ross Frederick Sprague of Shaker Heights, Ohio, Attorney Registration No. 0016622, with violations of the Disciplinary Rules. On motion of relator, who repeatedly attempted to contact respondent without success, a panel of the board found respondent in default because he did not answer the complaint, which relator initially filed on May 3, 1994 and amended on July 11, 1994 and October 24, 1994, or respond to any other inquiries.

{¶ 2} The second amended complaint, filed October 24, 1994, charged respondent with violating various Displinary Rules as follows:

Count I

{¶ 3} Edward Vega retained respondent for $500 to transfer a beer and wine permit to Vega. Respondent failed to complete any of the required work, and Vega requested the return of his fees. Respondent provided Vega with a check for $500, but Vega was unable to cash the check because of insufficient funds in respondent's trust account to cover the check.

{¶ 4} Relator charged that respondent's conduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(6) (engaging in any other conduct that adversely reflects on fitness to practice law), 6-101(A)(3) (neglecting a legal matter entrusted to him), and 9-102(B) (failure to preserve the identity of funds and property of a client). Relator also charged respondent with failure to cooperate with the Office of Disciplinary Counsel, a violation of Gov.Bar R. V(4)(G), because respondent did not answer any inquiries concerning the investigation of this count of the complaint.

Count II

{¶ 5} Gwendolyn Campbell employed respondent to sue a contractor for poor or unfinished work and to remove a mechanic's lien from her property. In 1990, she received an award from an arbitration hearing for $12, 690.76 to resolve this claim. Nevertheless, respondent failed to obtain removal of the lien, and her attempts to contact respondent about this went unreturned. After making an initial contact with respondent, relator was unsuccessful in attempts to again contact respondent in order to process removal of the lien.

{¶ 6} Relator charged that respondent's conduct violated DR 1-102(A)(4), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), 1-102(A)(6) and 6-101(A)(3).

Count III

{¶ 7} Respondent registered and paid his registration fee with the Clerk of the Supreme Court of Ohio for the 1989-1991 biennium approximately four months

late and his registration fees for the 1991-1993 biennium approximately three months late. Respondent has not yet registered for the 1993-1995 biennium. Relator charged that respondent's conduct violated DR 1-102(A)(6) and Gov.Bar R. VI(6).

### Count IV

{¶ 8} Respondent's IOLTA account was charged for nineteen returned check charges, two debit memos or overdraft charges, and two account fee charges. The account was in deficit status on numerous occasions, including the continuous period of September 27 to December 30, 1993.

{¶ 9} Relator charged that respondent's conduct violated DR 1-102(A)(6), 6-101(A)(3) and 9-102(A)(failure to deposit client funds in identifiable bank accounts).

### Count V

{¶ 10} In June 1992, Steven Machovina retained respondent to finalize a separation agreement, which respondent did in August 1992. The Machovinas then considered reconciliation for several months and did not decide to divorce until March 1993. Then, Steven Machovina notified respondent of the couple's decision to divorce, and respondent instructed Steven to sign and return the necessary papers and pay $450. Steven paid respondent this amount, but thereafter was unable to reach respondent by telephone for several months. Steven eventually learned that respondent had not filed any divorce papers. In addition, respondent failed to respond to relator's investigation.

{¶ 11} Accordingly, relator charged respondent with violating DR 1-102(A)(6) and 6-101(A)(3), and Gov.Bar R. V(4)(G).

### Count VI

{¶ 12} Ronald E. Jones, Willard Peters, Raymond Terlesky, Mary Pugel and Dale Weber hired respondent to represent them on a tax matter. They paid respondent $4,839.72 so that he would immediately file a complaint in the

Cuyahoga County Common Pleas Court concerning the tax problem. Except for a meeting in 1991, respondent never contacted his clients or returned numerous phone calls. However, on January 28, 1992, a complaint was filed in the Cuyahoga County Court of Common Pleas.

{¶ 13} After several months, Jones, in attempting to contact respondent, was told that respondent no longer worked in his office. Jones inquired about his case and learned that the court had dismissed it on October 12, 1993, for failure to prosecute. After contacting another attorney, Jones was able to locate respondent and requested that respondent return the retainer. However, respondent has not refunded the retainer or provided the clients with a response.

{¶ 14} Relator charged that respondent's conduct violated DR 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 6-101(A)(3) and 9-102(B), and Gov.Bar R. V(4)(G) for failure to cooperate with relator's investigation of this claim.

{¶ 15} The panel found that respondent had violated all the rules, as charged, and a majority of the panel recommended that respondent be permanently disbarred from the practice of law. One member dissented and recommended an indefinite suspension from the practice of law so that respondent could seek restoration of his license and present facts to mitigate his conduct.

{¶ 16} The board adopted the findings of fact, conclusions, and recommendation of the majority of the panel. Consequently, it recommended that we permanently disbar respondent from the practice of law in the state of Ohio.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

_____

*Per Curiam*.

{¶ 17} After reviewing the record, we agree with the board's findings, conclusions, and recommendation. Accordingly, we permanently disbar respondent from the practice of law in Ohio and tax costs to him.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.